**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 27, 2010

Lyle W. Cayce
Clerk

No. 09-11230
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO SALGADO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:09-CR-57-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mario Salgado pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 63 months of imprisonment and three years of supervised release. Salgado appeals his sentence, arguing that the district court's failure to explain the sentence and address his nonfrivolous arguments in support of a lower sentence did not satisfy the requirements of procedural reasonableness under *Rita v. United States*, 551 U.S. 338, 356-57 (2007). Salgado acknowledges that this court reviews for plain error

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

when a defendant fails to object to the district court's failure to explain the sentence. Nevertheless, he seeks to preserve for further review his contention that an objection is not required when it is premised on the district court's failure to address arguments in support of a lower sentence. Because Salgado did not object to the district court's failure to explain the sentence, plain error review applies. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

The district court's failure to explain the within-guidelines sentence beyond referring to punishment and deterrence was not error under *Rita* that was clear or obvious based on Salgado's arguments that the guideline range was appropriate and for a sentence at the low end of the guidelines. *See United States v. Rodrigeuz*, 523 F.3d 519, 525-26 (5th Cir. 2008). Salgado did not clearly ask for a sentence below the guideline range. However, even if there was clear or obvious error, Salgado has not shown that the error affected his substantial rights. Although Salgado argues that there was a reasonable probability that fuller consideration of his arguments would have led the court to impose a lower sentence, he has not shown that an explanation for the rejection of his arguments would have changed his within-guidelines sentence. *See Mondragon-Santiago*, 564 F.3d at 365. There is no reversible plain error, and the district court's judgment is AFFIRMED.